UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X  Case:  1:17-cv-1229
MICHAEL SZABO

                      **AMENDED COMPLAINT**

            Plaintiff,

                      PLAINTIFF'S DEMAND
    -against-              TRIAL BY JURY

THE CITY OF NEW YORK,
P.O. KEVIN OZUNA (Sh. 23907),
P.O. CHARLES ODENKIRK,
P.O. PETER PLESSA,
SGT. JOHN BECERRA,
P.O. "JANE DOE" and
P.O "JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last Defendants
being fictitious, the true names
of the Defendants being unknown
to the Plaintiff(s).

            Defendants.
------------------------------------------------------------X

      Plaintiff MICHAEL SZABO by and through their attorney, Paul Hale, Esq. 26 Court St. Ste. 913 Brooklyn, NY 11242, complaining of the Defendants, The City of New York, P.O. KEVIN OZUNA (Sh. 23907), P.O. CHARLES ODENKIRK, P.O. PETER PLESSA, SGT. JOHN BECERRA, Police Officers "John" and "Jane" Doe, collectively referred to as the Defendants, upon information and belief allege as follows:

### JURISDICTION AND VENUE

1. Jurisdiction over these claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of

a right, privilege and immunity secured to the Plaintiff by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

2. This case is being brought pursuant to 42 U.S.C. § 1983. Jurisdiction supporting Plaintiff's claims for attorneys' fees is conferred by and brought pursuant to 42 U.S.C. § 1988.

3. All causes of action not relying exclusively on the aforementioned federal and state causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiff' claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the county of New York in the State of New York.

## NATURE OF THE ACTION

5. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

6. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the Plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting Plaintiff.

## PARTIES

7. MICHAEL SZABO is a citizen of the United States, resides in New York, and is a resident of the State of New York.

8. At all times relevant to this action, Defendants Police Officers are and were officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

9. At all times relevant to this action, Defendant P.O. KEVIN OZUNA (Sh. 23907) was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

10. At all times relevant to this action, Defendant P.O. CHARLES ODENKIRK was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

11. At all times relevant to this action, Defendant P.O. PETER PLESSA was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

12. At all times relevant to this action, Defendant SGT. JOHN BECERRA was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

13. The Defendant, City of New York, is a municipality in the State of New York and employs the Defendants Police Officers.

14. The Defendants Police Officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the Defendants Police Officers' acts as described below.

## FACTUAL BACKGROUND

15. On the evening of 2/5/2016, Plaintiff was in front of 425 West St, New York, NY 10014.

16. At the above time and place Mr. Szabo observed the NYPD arresting another individual.

17. Mr. Szabo saw that the police were using excessive force upon the arrestee.

18. Mr. Szabo took out his cell phone to record the abuse he was witnessing.

19. Upon information and belief, P.O. KEVIN OZUNA (Sh. 23907) approached Mr. Szabo and told him to back away.

20. Mr. Szabo was already approximately half a block away.

21. Mr. Szabo backed up as the officer instructed and continued to keep recording.

22. For an unknown reason, but most likely to prevent Mr. Szabo from recording the NYPD's misconduct, P.O. KEVIN OZUNA (Sh. 23907) grabbed Mr. Szabo and threw him to the ground.

23. Mr. Szabo hit his head on the concrete sidewalk.  Mr. Szabo was later diagnosed with having a mild concussion.

24. Once Mr. Szabo was thrown to the ground, P.O. KEVIN OZUNA (Sh. 23907) and other unknown officers began to beat him and drag him around on the concrete.  This led to scrapes and bruises to his head and elbows.

25. Mr. Szabo was then placed in handcuffs.  The handcuffs were extremely tight.

26. Prior to transport, Mr. Szabo complained to an unknown police officer that the handcuffs were to tight and he was losing sensation in his hands.  The officer then proceeded to make the handcuffs tighter.

27. Mr. Szabo was transported to the 6th precinct.

28. Mr. Szabo was then transferred to central booking.

29. From central booking Mr. Szabo was taken to Belleview for his injuries.

30. Upon information and belief, P.O. CHARLES ODENKIRK and P.O. PETER PLESSA were the officers who transported MR. SZABO.

31. Prior to transport to the hospital P.O. PETER PLESSA re-handcuffed MR. SZABO. However, this time it was done so tight that skin was broken on MR. SZABO'S left wrist. Upon Mr. SZABO's immediate complaints the officer then tightened the handcuffs further and locked them into position.

32. MR. SZABO complained of the extreme pain and P.O. PETER PLESSA responded by yanking the handcuffs forcibly which created more friction, extreme pain, and deeper cuts.

33. P.O. CHARLES ODENKIRK witnessed this entire interaction knowing full well it was entirely unconstitutional and did nothing other than the smirk at MR. SZABO. Nor did P.O. ODENKIRK make any effort to alleviate the pain MR. SZABO was in or to stop the injuries that were being caused.

34. MR. SZABO's wrists were bruised and cut from the handcuffs and he sought medical treatment where made complaints of the pain. The pain, bruises and cuts to weeks to dissipate.

35. After being treated at the hospital he was returned to central booking and eventually saw a Judge who released him on his own recognizance.

36. Next, the officers involved, in conjunction with their supervisor, SGT. JOHN BECERRA, drafted a fraudulent complaint against MR. SZABO. This in turn started a criminal prosecution based upon false statements and led to a malicious prosecution.

37. Furthermore, during the criminal prosecution SGT. JOHN BECERRA called MR. SZABO the night before his court appearance at 10:30 pm in order to intimidate him into possibly

taking a plea deal.  This was done with SGT. JOHN BECERRA'S full knowledge that MR. SZABO was represented by an attorney and had no legitimate purpose in contacting a defendant who he was prosecuting.

38. Upon information and belief, SGT. BECERRA was the acting supervisor of other named defendants and was the supervisor who participated directly in MR. SZABO'S arrest, injuries and prosecution.[1]

39. Mr. Szabo made additional court appearances for which he lost time and work.

40. Mr. Szabo paid a criminal defense attorney a $5,000 retainer.

41. Eventually, all chargers were fully dismissed.

42. At no time did Plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

43. The unlawful arrest of Plaintiff was intentional, malicious, reckless and in bad faith because of Defendants' knowledge of a lack of any legitimate cause or justification for the arrest.

44. As a direct and proximate result of Defendants' actions, Plaintiff were arrested and detained without just or probable cause.

45. As a direct and proximate result of Defendants' actions, Plaintiff were deprived of rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

46. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction, train, supervise or discipline police officers including

---

[1] A supervisor may be held liable if he or she was personally a "direct participant" in the constitutional violation. *Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003)* (*per curiam*). In this Circuit, a "direct participant" includes a person who authorizes, orders, or helps others to do the unlawful acts, even if he or she does not commit the acts personally. *Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. 2001)*; *see also Gronowski v. Spencer, 424 F.3d 285, 293-94 (2d Cir. 2005)* (addressing a city mayor's role in allegedly unconstitutional retaliation against the plaintiff, a former city employee).

the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including Defendants in this case, to engage in unlawful conduct.

47. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including Defendants in this case, to engage in unlawful conduct.

48. The actions of Defendants, acting under color of State law, deprived Plaintiff of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

49. By these actions, Defendants have deprived Plaintiff of rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

### AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983–Fourth, Eighth and Fourteenth Amendments–against all Defendants

50. Plaintiff hereby restates all paragraphs above of this Complaint as if fully set forth here.

51. By detaining and imprisoning Plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

52. The Defendants acted under pretense and color of state law and in their individual and

official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

53. As a direct and proximate cause of the acts of the Defendants, Plaintiff suffered the following injuries and damages:

   A. Arrests not based upon probable cause;

   B. Unwarranted and malicious criminal prosecutions;

   C. Deprivations of liberty without due process of law;

   D. Excessive force imposed upon them;

   E. Summary punishment imposed upon them; and

   F. Denial of equal protection under the law.

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

### AS A SECOND CAUSE OF ACTION:
### 42 U.S.C Section 1983
### Retaliation in Violation of First Amendment against all Defendants

55. Plaintiff hereby restates all paragraphs above of this Complaint as if fully set forth here.

56. Plaintiff was engaging in constitutionally protected activity, including but not limited to his discussions and exchanges with the Defendants Police Officers for their objectionable conduct.

57. Plaintiff's speech was an inquiry related to objectionable police conduct, which is a matter of

important public concern.

58. Motivated in whole or in part by Plaintiff's protected verbal opposition to their conduct and/or the substance or style of his communications with them, Defendants searched, seized, and forcibly arrested Plaintiff.

59. Defendants Police Officers' adverse actions in retaliation for Plaintiff's expressed intention of exercising his first amendment rights and inquiring about objectionable police conduct caused Plaintiff to suffer economic, physical and emotional injuries.

60. Defendants' actions, as described herein, were undertaken intentionally, willfully and wantonly.

61. Defendants Police Officers' conduct violated clearly established rights belonging Plaintiff, of which reasonable law enforcement knew or should have known.

62. The acts or omissions of each of the Police Officer Defendants, including the unconstitutional policy, procedure, custom and/or practice described herein, were the legal and proximate cause of Plaintiff' damages.

**AS A THIRD CAUSE OF ACTION:**
**42 U.S.C Section 1983–Failure to Intervene in Violation of Fourth Amendment–**
**against all Defendants**

63. Plaintiff hereby restates all paragraphs above of this Complaint as if fully set forth here.

64. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian.

65. The Defendants Police Officers were present for the above-described incident and witnessed other Defendants' actions.

66. The Defendants Police Officers' use of force against Plaintiff was unjustified under the circumstances yet the Defendants Police Officers failed to take any action or make any effort to intervene, halt or protect Plaintiff from being subjected to their actions by other Defendants Police Officers.

67. The Defendants Police Officers' violations of Plaintiff' constitutional rights by failing to intervene in other Defendants' clearly unconstitutional actions resulted in the injuries and damages set forth above.

## AS A FOURTH CAUSE OF ACTION:
*Monell* **claim**[2]

68. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction, train, supervise or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

69. Officer Ozuna is a habitual problem within the NYPD, having being sued no less than 6 other times.  Upon information and belief, the management of the 6th Precinct, including SGT. BECERRA, knew that P.O. Ozuna was a liability and was responsible for prior alleged unconstitutional acts.  Nonetheless, management allowed P.O. OZUNA to interact with the public knowing full well that it could lead to future civil rights violations or at the very least, management was deliberately indifferent to the possibility.

70. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction, train, supervise or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging

---

[2] *Monell v. City of New York Department of Social Services*, 436 U.S. 658

police officers including defendants in this case, to engage in unlawful conduct.

    **WHEREFORE**, Plaintiff respectfully request judgment against the Defendants as follows:

1. On the First Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988,

2. On the Second Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988,

3. On the Third Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988,

4. On the Fourth Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988, and

5. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: Brooklyn, NY
8/18/2017

           By:    /s/
              Paul Hale, Esq.
              26 Court St. Ste. 913
              Brooklyn, NY 11242
              (718) 554-7344